IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRAE HARRISON HALE,

    Plaintiff,

vs.  No. CIV 23-0413 JB/KBM

ALISHA TAFOYA-LUCERO; NEW
MEXICO CORRECTIONS DEPARTMENT;
DEBORAH LOVATO and ROBERT
NILIUS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court following Plaintiff Trae Harrison Hale's failure to prosecute his civil rights case. Hale commenced this case on May 11, 2023, by filing a Prisoner's Civil Rights Complaint (Doc. 1)("Complaint"). After mail sent to Hale at his address of record was returned as undeliverable, the Honorable Karen B. Molzen, United States Magistrate Judge for the United States District Court for the District of New Mexico, entered an Order to Show Cause requiring Hale to notify the Court of his new address by November 24, 2023. See Order to Show Cause, filed October 24, 2023 (Doc. 6)("Order to Show Cause"). Hale has not responded to the Cure Order and the deadline has now passed. Having reviewed applicable law and the record, the Court will dismiss this case without prejudice.

## BACKGROUND

Hale commenced this case on May 11, 2023, by filing his Complaint. See Complaint at 1. Hale also filed a Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed May 11, 2023 (Doc. 2). The Court referred the matter to Magistrate Judge Molzen for recommended findings and disposition, and to enter non-dispositive orders. See Order of Reference Relating to

Prisoner Cases, filed May 18, 2023 (Doc. 3).  When he commenced this case, Hale was incarcerated in the Central New Mexico Correctional Facility in Los Lunas, New Mexico.  See Complaint at 1.  Mail sent to Hale at Central New Mexico was returned as undeliverable on May 22, 2023, see Returned Mail, filed May 22, 2023 (Doc. 4), and May 25, 2023, see Returned Mail, filed May 25, 2023 (Doc. 5).  A search for Hale's name on the New Mexico Corrections Department website shows that he is no longer in custody.  See https://search.cd.nm.gov/Home/OfenderSearch (last visited on December 7, 2023).

Magistrate Judge Molzen entered the Order to Show Cause on October 24, 2023, setting a thirty-day deadline by which Hale was required to notify the Clerk in writing of his new address or show cause why the Court should not dismiss this action.  See Order to Cause at 1.  Hale did not comply with or otherwise respond to the Order to Show Cause and the deadline within which he was required to do so expired on November 24, 2023.  The Court therefore will consider whether to dismiss this matter for lack of prosecution and for failure to comply with rules and orders.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  See Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.").  As the United States Court of Appeals for the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ."  Rogers v.

Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016)("Nasious"). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." Nasious, 492 F.3d at 1162. Those criteria include: (i) the degree of actual prejudice to the defendant; (ii) the amount of interference with the judicial process; (iii) the culpability of the litigant; (iv) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (v) the efficacy of lesser sanctions. See Nasious, 492 F.3d at 1162.

Here, Hale has not provided a current address as the Court's Order to Show Cause and D.N.M. LR-Civ. 83.6 require. In light of this failure, the Court will dismiss this case pursuant to rule 41(b) for failure to prosecute. See Olsen v. Mapes, 333 F.3d at 1204. After considering the factors in Nasious, the dismissal will be without prejudice.

**IT IS ORDERED** that: (i) the Plaintiff's Prisoner's Civil Rights Complaint, filed May 11,

2023 (Doc. 1), is dismissed without prejudice; (ii) the pending Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed May 11, 2023 (Doc. 2), shall be terminated; and (iii) the Court will enter a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Trae Harrison Hale
Los Lunas, New Mexico

    *Petitioner pro se*